## SCHNEIDER *v.* TOWNSHIP OF BROWN.

1. HIGHWAYS AND STREETS — EMBANKMENTS — MAINTENANCE —IN-
JURIES to LANDOWNER—INCOMPETENT EVIDENCE—ADMISSION—
CURE OF ERROR.

> In an action by a landowner for injuries to his mill pond by the
> construction of an embankment therein to carry a highway
> across it, evidence was admitted showing the location of the
> culvert to be outside the original channel of the stream, and
> also showing the location of the mudsills, which the judge
> concluded was incompetent, no such claim being made in
> the declaration, and he instructed the jury not to consider it.
> *Held,* that no prejudice appeared.

2. SAME—INJURIES TO MILL POND—EVIDENCE—ADMISSIBILITY.

> Evidence of labor performed in removing logs, of the effect of
> water preserving the logs when sunk, of the construction of
> fences by plaintiff alongside the bridge and his reason there-
> for, of the soundness of some of the logs taken out of the
> pond and sawed into lumber, of the value of the logs in the
> pond, of the ordinarily necessary repairs to the mill, how the
> embankments were constructed, and other evidence of a
> similar nature, *held,* competent as bearing upon the various
> issues involved.

3. APPEAL AND ERROR—SECOND APPEAL—LAW OF THE CASE.

> The opinion of the case on a previous appeal is the law of the
> case, no difference in the records being pointed out.

Error to Manistee; Rose, J.  Submitted April 17,
1908.  (Docket No. 14.)  Decided July 1, 1908.

Case by Casper Schneider against the township of
Brown for damages to a mill pond caused by the main-
tenance of an embankment in a highway.  There was
judgment for plaintiff, and defendant brings error.  Af-
firmed.

*Pratt & Davis*, for appellant.

*Fowler & Belcher*, for appellee.

GRANT, C. J.  This case is before us for the second
time.  (142 Mich. 45.)  A full and complete statement of

the case is there made, the issues involved are stated and the law governing the case established. It has been retried upon the law of the former opinion, and a verdict rendered again for the plaintiff. The appellant presents 73 assignments of error, all of which appear to be insisted upon. Thirty-four of these assignments relate to the rulings of the court upon the testimony.

Evidence was admitted showing the location of the culvert to be outside of the original channel of the stream, and also showing the location of the mudsills. Before the case was closed the trial judge concluded that this testimony was incompetent, as no such claim was set up in the declaration, and pointedly instructed the jury that they should not consider that testimony; that it was out of the case. We see no reason for holding that the jury were prejudiced or misled by the admission of the evidence.

Evidence of labor performed in removing the logs, of the effect of water preserving the logs when sunk, of the construction of fences by the plaintiff alongside the bridge and his reason therefor, of the soundness of some of the logs taken out of the pond and sawed into lumber, of the value of the logs in the pond, of the ordinarily necessary repairs to the mill, how the embankments were constructed, and other evidence of a similar nature, were competent as bearing upon the various issues involved. It would be of no benefit to the parties or to the profession to discuss all of these assignments.

Counsel for appellant do not point out wherein the present record differs from that in the former. The instruction of the court is very lengthy and undoubtedly necessarily so. It covered all the many phases of the case, and is in strict accord with our former opinion. We deem it unnecessary to discuss the case further.

We find no error in the record, and the judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and CARPENTER, JJ., concurred.